**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANNETTE TIMMONS,

        Plaintiff,

v.

Case No. 8:22-cv-486-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

_____

## OPINION AND ORDER[1]

### I.  Status

Annette Timmons ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of osteoarthritis in her back and spine, degenerative arthritis in her legs, arthritis in her jaw, high cholesterol and blood pressure, problems with her fingers "l[o]cking up," and heart burn. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed April 28, 2022, at 73-74, 84, 222. Plaintiff protectively filed an application for DIB on June 29, 2019,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed April 28, 2022; Reference Order (Doc. No. 13), signed May 13, 2022 and entered May 16, 2022.

alleging a disability onset date of June 7, 2019.[2] Tr. at 199-205. The application was denied initially, Tr. at 72, 73-81, 104, 106, 107-13, and upon reconsideration, Tr. at 82, 83-99, 115, 117, 118-30.[3]

On July 28, 2021, an Administrative Law Judge ("ALJ") held a hearing,[4] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 30-56. At the time of the hearing, Plaintiff was sixty-one (61) years old. Tr. at 34. On August 16, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 16-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel, together with some additional medical evidence, in support of the request. See Tr. at 7, 9-10 (Appeals Council exhibit list and orders), 12, 57-71 (medical evidence), 196-98 (request for review), 318-21 (brief). On January 18, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 6-8, thereby making the ALJ's Decision the final decision of the Commissioner. On March 1, 2022, Plaintiff commenced this

---

[2] Although actually completed on July 2, 2019, see Tr. at 199, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as June 29, 2019, see, e.g., Tr. at 73, 84.

[3] Some of these cited records are duplicated in the administrative transcript.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the COVID-19 pandemic. Tr. at 32-33.

action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred "in failing to consider whether [Plaintiff's] pain would impact her ability to concentrate and focus." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 20; "Pl.'s Mem."), filed August 30, 2022, at 2, see id. at 6-8. On October 27, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[5]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based upon his findings at that step. See Tr. at 19-25. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 7, 2019, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical spine; lumbar spondylosis; essential hypertension; emphysema; and rheumatoid arthritis." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can perform] light work as defined in 20 CFR [§] 404.1567(b) with the following additional limitations: able to lift and carry 20 pounds occasionally and 10 pounds frequently; able to sit six hours of an eight-hour workday; able to stand/walk for six hours of an eight-hour workday; able to occasionally operate foot controls; no climbing of ladders, ropes or scaffolds; no more than occasional balancing, stooping, crouching kneeling or crawling; limited to frequent, as opposed to constant or continuous, handling, fingering, or feeling; and no more than occasional exposure to pulmonary irritants.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as an administrative clerk and a secretary." Tr. at 24 (some emphasis, capitalization, and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 7, 2019, through the date of th[e D]ecision." Tr. at 25 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in failing to consider whether her pain would impact her ability to concentrate and focus. Pl.'s Mem. at 6-8. In support, Plaintiff cites various times in which it is documented that she complained of pain to treating and examining physicians. Id. at 6-7. Plaintiff points out that her past relevant work as an administrative clerk and a secretary requires the ability to deal with people and make judgments and decisions, among other things, and she argues the ALJ's Decision finding she can perform these jobs is

in error. Id. at 8. [6] Responding, Defendant argues the ALJ's symptom evaluation is supported by substantial evidence. Def.'s Mem. at 5-14.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations provide that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's]

---

[6] Plaintiff asks the Court to "take judicial notice that when an individual is in pain, it can affect concentration." Pl.'s Mem. at 7. This is not necessary to decide the issue.

>   pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[7]

Here, the ALJ summarized in detail Plaintiff's testimony about how her impairments affect her. Tr. at 20-21; see Tr. at 34-50 (Plaintiff's testimony). The ALJ specifically recognized several instances of Plaintiff testifying about her

---

[7] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

- 8 -

pain in various parts of her body and its alleged effect on Plaintiff's ability to work. Tr. at 20-21.

As far as "lifting, carrying, sitting, and walking," the ALJ found "the medical evidence does not align fully with [Plaintiff's] allegations." Tr. at 21. The ALJ then went on to explain how the medical evidence contradicts Plaintiff's more extreme allegations of her abilities in these areas. Tr. at 21-22. The explanation is supported by substantial evidence and is not challenged on appeal. The ALJ concluded as to these areas that although "[t]he evidence does not align with [Plaintiff's] allegations, [it also] does not suggest [Plaintiff] is unlimited in her ability to exert herself." Tr. at 21-22. "To accommodate chronic and radiating lower back pain and some degree of leg pain and numbness," the ALJ "limited [Plaintiff] to light level work that involves no more than occasional operation of foot pedals." Tr. at 22.

The ALJ also made detailed findings regarding alleged manipulative limitations, relying on part on findings of consultative examiner Dr. Krystal Yankowski. Tr. at 22. The ALJ concluded that "the evidence does not fully align with the degree of manipulative limitations that [Plaintiff] alleged in hearing testimony" but nevertheless limited Plaintiff "to frequent, as opposed to constant or continuous, handling, fingering, and feeling." Tr. at 22.

The ALJ did not find any visual or communicative limitations, and despite Plaintiff not alleging any environmental limitations, the ALJ limited

her with respect to "exposure to respiratory irritants" based upon the evidence. Tr. at 22-23. In terms of Plaintiff's alleged issues that would make workplace attendance difficult, the ALJ did "not accept or adopt" Plaintiff's allegations. Tr. at 23.

The ALJ then analyzed the opinion evidence, finding "partially persuasive" or "persuasive" all opinions except that of treating physician Reynaldo Lim, M.D. Tr. at 23-24. Although Plaintiff does not challenge any of this analysis on appeal, she does point out that her treating physician Dr. Lim[8] on July 24, 2019 authored an opinion indicating that her pain and other symptoms were severe enough to interfere with her concentration and attention constantly and that she was capable of moderate stress work. Pl.'s Mem. at 7; see Tr. at 370-73 (Dr. Lim's opinion). The ALJ, however, found Dr. Lim's opinion "unpersuasive" because it "seems inconsistent, and indeed in some cases disconnected, from the medical evidence in the record." Tr. at 24. The ALJ then explained in detail why he made this finding, Tr. at 24, which again, is unchallenged.

In the end, the ALJ found the RFC was "supported by [Plaintiff's] hearing testimony; [the ALJ's] auditory observations of [Plaintiff] during the telephonic hearing; a thorough review of the record; the observations and findings

---

[8] Plaintiff does not refer to Dr. Lim by name but calls him her "treating physician" and cites his opinion. Pl.'s Mem. at 7 (citing Tr. at 371).

contained in the consultative examination reports of [two doctors,] and the medical opinions of [two others]." Tr. at 24. The ALJ ultimately assessed an RFC that is supported by substantial evidence and need not be disturbed.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 29, 2023.

                                                    _____
                                                           JAMES R. KLINDT
                                                    United States Magistrate Judge

kaw
Copies to:
Counsel of Record